UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO.  2:13-cr-89-FtM-38CM

JORGE OTANO

_____

## FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR DIRECT AND SUBSTITUTE ASSETS

THIS CAUSE comes before the Court upon the filing of the United States'
motion for a preliminary order of forfeiture pursuant to 18 U.S.C. §§ 982(a)(1), and
Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for a preliminary order of
forfeiture of the following two assets as property involved in the money  laundering
offenses charged in Counts Six, Nine and Ten of the Superseding Indictment:

a.    2012 Chevy Truck registered to St. Victory Inc.,
      Vehicle Identification Number: 1GC1KXC80CF126482; and,

b.    2013 Mercedes registered to St. Victory Inc.,
      Vehicle Identification Number: WDDLJ7EB1DA062414.

The United States also seeks a forfeiture money judgment against
defendant Jorge Otano in the amount of $1,307,000.00 pursuant to 31 U.S.C.
§ 5317(c)(1)(A), and a preliminary order of forfeiture for the following substitute
assets in partial satisfaction of the defendant's money judgment, pursuant to     21
U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317(c)(1)(B), and Rule
32.2(e)(1)(B), Federal Rules of Criminal Procedure:

a.      Approximately $104,628.86 seized from Bank of America account number 229018579207;

b.      Approximately $48,823.76 seized from Fifth Third Bank account number 7432958770;

c.      Approximately $49,832.55 seized from Fifth Third Bank account number 7432958762;

d.      Cash in the amount of $1,092.00;

e.      Cash in the amount of $475,260.00;

f.      Cash in the amount of $70,888.00;

g.      $72,727.27 sent via wire transfer to the United States Secret Service on or about January 22, 2014;

h.      $37,124.35 currently held in the Trust Account of Attorney Robert N. Nicholson, Esquire; and,

i.      $10,000.00 provided to the United States Secret Service by Attorney Lee Hollander, Esquire, counsel for Martha Otano.

The Court finds that the above-described Chevrolet and Mercedes were property involved in money laundering offenses for which the defendant has been adjudged guilty in Counts Six, Nine and Ten of the Superseding Indictment, respectively.  Thus, the United States has established the required nexus between the assets and the offenses of conviction, and the United States is entitled to possession of these assets pursuant to 18 U.S.C. § 982(a)(1).

The Court further finds that the United States has established that $1,307,000.00 was involved in the structuring conspiracy for which the defendant has been adjudged guilty in Count Two of the Superseding Indictment.

Finally, the United States is entitled to forfeiture of the substitute assets identified above, pursuant to 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317(c)(1), and Rule 32.2(e)(1)(B), Federal Rules of Criminal Procedure.

Accordingly, it is **ORDERED** that the motion of the United States is **GRANTED.**

It is FURTHER **ORDERED** that, pursuant to the provisions of 31 U.S.C. § 5317(c)(1)(A) and Rule 32.2, Federal Rules of Criminal Procedure, defendant Jorge Otano is jointly and severally liable with co-defendant Martha Otano for a forfeiture money judgment in the amount of $1,307,000.00, which represents the amount of funds involved in the structuring conspiracy for which he was found guilty in Count Two.

It is FURTHER **ORDERED** that, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the two vehicles described above are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1), for noticing and publication.

Finally, it is **ORDERED** that, pursuant to 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317(B), the substitute assets described above are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n) for noticing and publication.

The Court retains jurisdiction to effect the forfeiture and disposition of the assets described above and any other property belonging to the defendant that

the United States is entitled to seek as substitute assets under 21 U.S.C. § 853(p)

up to and including the amount of the $1,307,000.00 forfeiture money judgment.

**ORDERED** in Fort Myers, Florida, on 13th of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties\Counsel of Record