UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:13-cr-89-SPC-NPM

JORGE OTANO

## OPINION AND ORDER[1]

Before the Court is Defendant Jorge Otano's pro se Motion to Terminate Supervised Release (Doc. 255; Doc. 253[2]), along with the Government's opposition (Doc. 256). For the below reasons, the Court denies the Motion.

The Court sentenced Defendant to 144 months of imprisonment and three years of supervised release after he pleaded guilty to offenses involving drug distribution, structuring transactions to evade reporting requirements, and money laundering. (Doc. 203). The offenses bore from Defendant and his wife operating a pharmacy that filled fraudulent oxycodone prescriptions. In fashioning a sentence that was not greater than necessary to achieve the purposes of sentencing, the Court varied well below the calculated advisory guideline range of 292 to 365 months.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] Defendant filed the same motion twice – Doc. 253 and Doc. 255.

Defendant has finished his prison sentence but has been on supervised release since January 13, 2022. He has, to date, complied with all conditions of supervision. Because of his "exemplary post-conviction adjustment and conduct in his supervision responsibilities," however, he asks the Court to terminate supervised release early. (Doc. 255 at 2). Both the Government and the United States Probation Office oppose the Court doing so.

After considering factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court may end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above law against the record, the Court declines to terminate Defendant's supervised release early. Although the Court recognizes that Defendant has successfully followed all conditions imposed on him, such compliance is the Court's expectation.

Even so, the interest of justice does not warrant releasing him from supervision. Defendant committed serious crimes that endangered the community and his family. For years, he conspired with his wife to illegally distribute and sell Oxycodone through their pharmacy. They filled fraudulent prescriptions for Oxycodone for $4 to $12 per pill. Customers (some who were under the age of twenty-one) had to pay cash. Defendant's nefarious business was so widespread that it was common knowledge among Oxycodone abusers that Defendant's pharmacy would readily provide Oxycodone and Xanax to virtually anyone who would pay for it. And Defendant profited handsomely – he earned over $1.3 million dollars.

How Defendant processed his profits was just as deceptive. He and his wife regularly deposited the proceeds into multiple bank accounts, structuring the deposits to evade federal currency-reporting requirements. They later combined their profits into one account used mostly for personal purchases like homes and cars. And what concerns the Court more is Defendant engaged in this criminal scheme while having his special-needs child present in the

pharmacy that held large amounts of cash and where drug abusers and sellers frequented.

In short, the nature of Defendant's offense, his history, the need to deter Defendant from future crimes, and the need to protect the public all support denying his motion. Defendant has only fifteen months left of supervised release, and the Court believes the remaining supervision is in the best interest of Defendant and the public.

Accordingly, it is

**ORDERED:**

1. Defendant Jorge Otano's pro se Motion to Terminate Supervised Release (Doc. 255) is **DENIED**.

2. Defendant Jorge Otano's pro se Motion to Terminate Supervised Release (Doc. 253) is **DENIED as moot**.

**DONE AND ORDERED** in Fort Myers, Florida on May 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Defendant Jorge Otano
          Counsel of Record

4