UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:13-cr-89-SPC-NPM

JORGE OTANO

## OPINION AND ORDER

Before the Court is Defendant Jorge Otano's pro se Motion to Terminate Supervised Release (Doc. 258), along with the Government's opposition (Doc. 260). For the below reasons, the Court denies the Motion.

The Court sentenced Defendant to 144 months of imprisonment and three years of supervised release after he pleaded guilty to offenses involving drug distribution, structuring transactions to evade reporting requirements, and money laundering. (Doc. 203). The offenses bore from Defendant and his wife operating a pharmacy that filled fraudulent oxycodone prescriptions. In fashioning a sentence that was not greater than necessary to achieve the purposes of sentencing, the Court varied well below the advisory guideline range of 292 to 365 months.

Defendant has finished his prison sentence but has been on supervised release since January 13, 2022. Since then, Defendant has moved three times (this motion being the third) to end his supervised release early because of his

full compliance with the terms and conditions imposed. The Court has twice denied Defendant's requested relief. And a third time is not a charm for him.

After considering factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court may end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above law against the record, the Court again declines to terminate Defendant's supervised release early. Although the Court recognizes that Defendant continues to follow all conditions imposed on him, has had a "stable community reintegration," and made other positive

strides, his behavior to date is the Court's minimum expectation of him and proves he is succeeding under his probation officer's supervision.

The interest of justice also warrants Defendant staying on supervision. Defendant committed serious crimes that endangered the community and his family. He and his wife conspired to illegally sell oxycodone through their pharmacy. They filled fraudulent prescriptions for a hefty price per pill – earning them over $1.3 million dollars. Defendant's drug business was so widespread that abusers knew that his pharmacy would provide oxycodone and Xanax to anyone who would pay for it.

And how Defendant processed his profits was deceptive. He and his wife deposited the proceeds into their bank accounts, structuring the deposits to evade federal currency-reporting requirements. They then combined their profits into one account, which they used for personal purchases. All the while Defendant engaged in his criminal scheme, he was parenting a special-needs child, who was sometimes in the pharmacy when drug transactions took place.

In short, the nature of Defendant's offense, his history, the need to deter Defendant from future crimes, and the need to protect the public still support denying his motion. The Court finds—in its discretion—that Defendant being on supervision for the **full term** originally imposed is in the best interest of him and the public.

Accordingly, it is

**ORDERED:**

Defendant Jorge Otano's pro se Motion to Terminate Supervised Release (Doc. 258) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 12, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Defendant Jorge Otano
          Counsel of Record